IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03100-GPG

JIMMY W. TANKSLEY,

     Applicant,

v.

JAMES FALK, Warden, Sterling Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Jimmy W. Tanksley, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Tanksley has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Application") challenging the validity of his conviction in Denver District Court case number 88CR833.

On November 18, 2014, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On December 18, 2014, Respondents filed their Pre-Answer Response (ECF No. 11) arguing that the Application is untimely and that Mr. Tanksley's claim is unexhausted and procedurally defaulted.  On December 31, 2014, Mr. Tanksley filed a reply (ECF No. 12) to the Pre-Answer Response.

The Court must construe the Application and other papers filed by Mr. Tanksley liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

The following description of the factual and procedural background pertinent to Mr. Tanksley's conviction is taken from an opinion of the Colorado Court of Appeals.

> The People appeal from a judgment of the trial court dismissing charges of first degree assault, second degree motor vehicle theft, and crime of violence against the defendant, Jimmy Tanksley.  The trial court dismissed the charges upon finding a violation of the provisions of the Interstate Agreement on Detainers (IAD), § 24-60-501, et seq., C.R.S. (1988 Repl. Vol. 10B).  We reverse.

> On September 23, 1985, a criminal complaint charging the defendant with these crimes was filed in Denver, Colorado, and shortly thereafter, a warrant was issued for his arrest.  On January 2 or 3, 1986, in Honey Grove, Texas, the defendant was arrested on the Colorado warrant and on a charge arising in Texas.  Although Colorado authorities requested in writing that the Colorado warrant be placed as a detainer upon the defendant, Texas authorities did not honor this request, nor did they advise Colorado authorities that their request for a detainer had been received.  The defendant was informally aware of the Colorado charges and was told he could sign extradition papers, but was not taken before a court to be formally advised on these matters.

> Subsequently, the defendant was convicted on the Texas charge, was incarcerated in the Texas Department of Corrections, and was released on parole in August 1986. Soon after that release, the defendant was arrested in Bonham, Texas, pled guilty to a new Texas charge, and received a 35-year sentence.

> On July 6, 1987, while incarcerated, the defendant

> was notified by Texas authorities of the detainer for the
> Colorado charges.  Sometime thereafter, in July 1987, he
> was formally advised for the first time of his rights under the
> IAD.
>
> Upon being returned to Colorado, defendant moved to
> dismiss the charges.  The trial court granted the motion and
> found that there was a violation of the notification provision
> of § 24-60-501, art. III(c), C.R.S. (1988 Repl. Vol. 10B) in
> that defendant should have been notified of the detainer and
> advised of his rights in early 1986.
>
> The prosecution contends that the provisions of the
> IAD were not activated because no detainer was lodged
> against the defendant until July 1987, when he was formally
> advised.  We agree.

*People v. Tanksley*, No. 86CA1166, slip op. at 1-2 (Colo. App. May 25, 1989) (not

selected for publication) (ECF No. 11-6 at 2-3).  Mr. Tanksley alleges that he had been

returned to Texas before the Colorado Court of Appeals reversed the trial court's order

dismissing the charges against him.

Mr. Tanksley was returned to Colorado for a jury trial in 1991.  He was convicted

of second degree assault on a peace officer and second degree motor vehicle theft.  He

was sentenced to twelve years in prison to be served consecutively to his Texas

sentence and he again was returned to Texas.  The Colorado Court of Appeals affirmed

the judgment of conviction on direct appeal.  *See People v. Tanksley*, No. 91CA0827

(Colo. App. Aug. 13, 1992) (not selected for publication) (ECF No. 11-2).  On February

16, 1993, the Colorado Supreme Court denied Mr. Tanksley's petition for writ of

certiorari on direct appeal.  (*See* ECF No. 11-3.)

On June 21, 1993, the trial court denied Mr. Tanksley's postconviction motion

pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  (*See* ECF No. 11-

1 at 12.)

Mr. Tanksley alleges that he was released on parole by Texas authorities in 2002 and returned to Colorado.  Beginning in November 2003 Mr. Tanksley filed a series of postconviction motions in his Colorado criminal case, all of which were denied.  (*See id.* at 2-3.)

In December 2013 Mr. Tanksley filed in Colorado state court a petition for writ of habeas corpus claiming the trial court lacked jurisdiction over his criminal case and that his rights under the United States Constitution and the IAD had been violated.  (*See* ECF Nos. 11-10 & 11-11.)  The state district court denied the petition and, on October 30, 2014, the district court's order was affirmed by the Colorado Supreme Court.  (*See* ECF Nos. 11-13 & 11-15.)

The Application was filed on November 18, 2014.  Mr. Tanksley asserts one claim for relief premised on the fact that he was convicted following a trial in 1991, some three years after he was returned to Texas because the original charges against him had been dismissed.  He specifically contends that the trial court lacked jurisdiction when he was tried and that he is entitled to immediate release because his rights under the United States Constitution and the IAD were violated.

Respondents first argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the

> expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Tanksley contends in his reply to the Pre-Answer Response that a jurisdictional claim like the one he is asserting can never be time-barred.  This argument lacks merit.  *See Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (state court's lack of subject matter jurisdiction is cognizable only as a due process claim and "[a]s with any other habeas claim, it is subject to dismissal for untimeliness.").  Therefore, the Court will consider whether Mr. Tanksley's claim is timely.

In order to apply the one-year limitation period, the Court first must determine the date on which the judgment of conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  Mr. Tanksley's conviction became final prior to April 24, 1996, the date the one-year

limitation period in § 2244(d) was enacted into law.  He does not allege that he was

prevented by unconstitutional state action from filing the instant action sooner, he is not

asserting any constitutional rights newly recognized by the Supreme Court, and he

knew or could have discovered the factual predicate for his federal constitutional claim

at the time he was convicted.  *See* 28 U.S.C. § 2244(d)(1)(B) - (D).  Therefore, because

Mr. Tanksley's conviction became final before § 2244(d) was enacted into law, the

one-year limitation period began to run on April 24, 1996.  *See Hoggro v. Boone*, 150

F.3d 1223, 1225-26 (10th Cir. 1998) (one-year limitation period begins on April 24, 1996,

for convictions that became final prior to the effective date of § 2244(d)).

Mr. Tanksley did not initiate this action within one year after April 24, 1996.

Therefore, the next question the Court must address is whether the one-year limitation

period was tolled for any period of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly

filed state court postconviction motion tolls the one-year limitation period while the

motion is pending.  An application for postconviction review is properly filed within the

meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the

applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of
> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the

purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

As noted above, Mr. Tanksley filed a postconviction Rule 35(b) motion that was denied in June 1993 and, beginning in November 2003, he filed in state court a series of postconviction motions challenging the validity of his Denver District Court conviction and sentence. The Rule 35(b) motion did not toll the one-year limitation period because the Rule 35(b) motion was not pending for any period of time after the one-year limitation period commenced in April 1996. The other postconviction motions Mr. Tanksley filed in his Denver District Court case also did not toll the one-year limitation period because they were filed long after the one-year limitation period already had expired in April 1997. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As a result, the instant action is barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled

7

for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Tanksley fails to allege facts or present any argument that justify equitable tolling.  He does not allege facts that demonstrate he pursued his claims diligently and he fails to identify any extraordinary circumstance that prevented him from filing in a timely manner.  The fact that Mr. Tanksley was incarcerated in Texas when the one-year limitation period commenced and expired, by itself, does not justify equitable tolling.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (alleged lack of access to relevant legal materials while housed out of state not sufficient to justify equitable tolling).  Therefore, the Court finds no basis for equitable tolling of the one-year limitation period.

The Application is untimely and will be dismissed for that reason.  Because the Court finds that the Application is untimely, the Court need not address Respondents' alternative argument that Mr. Tanksley's claim is unexhausted and procedurally defaulted.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status

will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application (ECF No. 1) is denied and the action is dismissed

because the Application is untimely.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  6th  day of __February__, 2015.

BY THE COURT:


   s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

9